## Scott v. Scott

*P. Richard Wagner*, for petitioner.
*Deborah R. Gaber*, for respondent.

SHUGHART, *P.J.*, October 1, 1980—On or about April 1, 1980 Keith A. Scott (hereinafter petitioner) filed a petition requesting that a blood grouping test be performed on petitioner's former wife, Darlene Scott (hereinafter respondent), and his daughter, Kirsten Scott, born August 23, 1975. A rule to show cause why a blood grouping test should not be performed was issued on April 2, 1980. Briefs were submitted and the case was argued before the court en banc on August 27, 1980.

The facts of this case are relatively simple. Petitioner and respondent were married, and apparently living together, when the child was conceived. The marital relationship remained intact until December 22, 1976, when petitioner and respondent were divorced. The question of paternity of the child was not raised in the divorce proceeding nor was it raised in the support matter following the dissolution of the marriage. In fact, petitioner voluntarily entered into a support agreement on February 24, 1977 and has supported the child pursuant to this agreement since March of 1977. There is some dispute as to whether petitioner has paid support since June of 1980; however, this fact is not relevant to the issue before us. What is relevant is the fact that petitioner, although having had opportunity to do so, did not raise the question of paternity until almost five years after the child's birth.

Petitioner concedes that he has waived the right to question the support order based on paternity and further indicates that he will continue to pay

support regardless of whether it is determined that he is not the child's father. Petitioner admits that paternity is established as a matter of law, but he contends that this does not preclude a blood grouping test. In short, it appears that the sole reason, at least superficially, for petitioner's request is that he wants to satisfy his own curiosity as to whether he is in fact the child's father.

From the outset, we have grave concerns about the propriety of ordering individuals to submit to a blood test either to satisfy curiosity or to resolve a barroom bet. It is clear that the petitioner's rights or duties regarding the child will in no way be affected by the outcome of the present litigation.

As the basis for his request, the petitioner relies on section 6133 of the Uniform Act on Blood Tests to Determine Paternity, 42 Pa.C.S.A. §6131 et seq., which provides:

"In any *matter subject* to this subchapter in which paternity, parentage or identity of a child is a *relevant fact*, the court upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests. . . ." (Emphasis supplied.)

It is clear that the only thing to which the parentage of the child is a relevant fact is the petitioner's desire. The results of the test will be relevant to no legal inquiry. We are satisfied that the legislature did not intend this statute to be used by an individual merely because he wanted to satisfy his own suspicions about paternity of a child. The potential for abuse of this statute, at the expense of a child as well as at the expense of the court's time, would be

ever present if the statute were construed as petitioner requests.

By holding the child out as his own for nearly five years and paying to support the child, petitioner is estopped from invoking the court's assistance in furtherance of his quest to determine if the child is *in fact* his own. In Com. ex rel. Weston v. Weston, 201 Pa. Superior Ct. 554, 193 A. 2d 782 (1963), an individual sought to have blood grouping tests ordered to determine paternity of two children as part of a support action. The court held that a blood grouping test did not have to be ordered because the petitioner had held the children out as his own and because they were born during wedlock. Judge Woodside, writing for the court, commented concerning the use of blood tests under these circumstances, at 201 Pa. Superior Ct. 556, 193 A. 2d 782: "It is unfortunate for a child when circumstances cause it to doubt its paternity, but it is cruel for the law to inject such doubts into a child's mind when there are no circumstances to support the doubts except an allegation by an irate man who previously had been known to the child and the world as its father."

In this case, petitioner has never openly questioned whether he is the father of the child; he has supported the child and the child was born while he and respondent were married. The only reason asserted for requesting the blood test is to satisfy his own curiosity. In Weston the legal issue of support was involved; here, we have no such legal issue. Under these circumstances, it would indeed be cruel for the law to inject doubts into the mind of the child as to who is her father in order that petitioner's personal whim may be satisfied. The price of a blood test far outweighs any benefit to be gained. Section 6133 of the Uniform Act on Blood Tests to

Determine Paternity does not provide for a blood grouping test where the results are unrelated to any legal issue before the court and the results serve only to satisfy the personal curiosity of petitioner.

Respondent has requested that petitioner be directed to pay respondent's reasonable attorney's fees because petitioner commenced this proceeding in bad faith. Respondent relies on section 2503 of the Judicial Code, 42 Pa.C.S.A. §2503, in support of her request. Although section 2503(9) does authorize the award of counsel fees when an action is commenced in bad faith, we do not believe that, under the circumstances of this case, bad faith is present. Respondent cites no authority in support of her proposition other than the general language of the statute. Therefore, an award of counsel fees must be denied.

## ORDER

And now, October 1, 1980, for the reasons appearing in the opinion filed this date, the petition to take blood grouping tests be and is hereby dismissed. Respondent's request for reasonable counsel fees is denied.